# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ELTON WILSON, REGINALD GLENN LEWIS, and DEVIN MATSON,

Defendants.

Case No. 10cr3089-BTM

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT AND SUPPLEMENTAL MOTION FOR DISCOVERY**

Defendant Reginald Glenn Lewis has filed a motion to dismiss the indictment for selective prosecution (Doc. 54 at 10) and a supplemental motion for discovery in support of the motion to dismiss the indictment (Docs. 60 and 65). Defendants Elton Wilson and Devin Matson have each filed a motion to join the motion to dismiss the indictment (Docs. 57 and 58) and a motion to join the supplemental motion for discovery (Docs. 61 and 63). For the reasons discussed below, Defendants' motions are **DENIED**.

## I. BACKGROUND

Defendants Reginald Glenn Lewis ("Lewis"), Elton Wilson ("Wilson") and Devin Matson ("Matson") are all African-American men charged with conspiracy to possess 5 kilograms or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendants filed a motion for dismissal of the indictment and a supplemental motion for discovery, alleging that they were selected for federal prosecution because of their

race.

## II. LEGAL STANDARD

As long as a prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. United States v. Armstrong, 517 U.S. 456, 464 (1996) (internal quotation marks and citation omitted). However, under the equal protection component of the Due Process Clause of the Fifth Amendment, the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." Id. (internal citations omitted). To overcome the presumption that a prosecutor has not violated equal protection, a defendant must present "clear evidence to the contrary" and demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. at 465 (internal citations omitted). In order to establish a discriminatory effect in a race case, the defendant must show that similarly situated individuals of a different race were not prosecuted. Id. at 465.

To obtain discovery in support of a selective prosecution claim, the defendant must "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not ...." Armstrong, 517 U.S. at 469; United States v. Arenas-Ortiz, 339 F.3d 1066, 1069 (9th Cir. 2003) (the showing necessary to obtain discovery for a selective prosecution claim is "rigorous" to minimize interference with the prosecutorial function).

## III. DISCUSSION

Defendants argue that the indictment should be dismissed because the Government's prosecution was "directed exclusively against minorities" (Doc. 54 at 11). Defendants also argue that they are entitled to discovery related to their selective prosecution claim because "no potential white defendants were prosecuted" and the Government's confidential informants were permitted to select neighborhoods that were "predominantly Hispanic with a disproportionately large number of African-Americans" (Doc. 60 at 4).

The Government has indicated that this case is part of its "Operation Gideon II" in

which confidential informants contacted people to determine if they were interested in engaging in criminal conduct (Doc. 60 at 2-3; Doc. 66 at 2-5). The other cases filed in this district as part of "Operation Gideon II" involve both African-American defendants (United States v. Martin (10cr4294); United States v. Johnson (10cr3507)) and Hispanic defendants (United States v. Sanchez (10cr4402); United States v. Garcia (10cr2807); United States v. Hernandez (10cr3005); United States v. Gaspar-Samano (10cr3510); United States v. Cortes (10cr3617); United States v. Frausto-Alegria (10cr2693); United States v. Mondragon-Hernandez (10cr3173)) (Doc. 65 at 2-3; Doc. 66 at 2-3). Including the 3 Defendants involved in the case before this Court, the "Operation Gideon II" cases in this district involve a total of 39 defendants, 31 of whom are Hispanic and 8 of whom are African-American (Doc. 66 at 5).

Defendants argue that because this information shows that only African-American and Hispanic "minorities" were prosecuted, and Caucasian "non-minorities" were not prosecuted, they are entitled to discovery related to their selective prosecution claim (Doc. 65 at 5-6). But under Armstrong, in order to obtain discovery in support of a selective prosecution claim, the defendant must show that similarly situated defendants of other races could have been prosecuted, but were not prosecuted. 517 U.S. at 469; see also Arenas-Ortiz, 339 F.3d at 1068 (Hispanic male defendant must show that "non-Hispanic-males" could have been prosecuted but were not prosecuted). Here, Defendants are African-American and similarly situated defendants who are non-African-American (i.e., Hispanic) were also prosecuted for similar crimes. In addition, Caucasian and Asian people were also approached by the Government's confidential informants, but they were not prosecuted because they did not agree to participate in the type of illegal activity prosecuted here (Doc. 60 at 2, Def. Exh. D-8; Doc. 60 at 3, Def. Exh. E-5). The Government asserts that it never mentioned race as a criteria when instructing the confidential informants (Doc. 60 at 2, Def. Exhs. D-13 and D-20) and the people who were prosecuted, regardless of race, were those who actually committed a crime (Doc. 66 at 6). Defendants have failed to make the requisite showing that the Government declined to prosecute similarly situated suspects of other races. See

Armstrong, 517 U.S. at 458; see also Arenas-Ortiz, 339 F.3d at 1071 (merely demonstrating that better evidence cannot be obtained without discovery does not suddenly render otherwise insufficient evidence sufficient). Therefore, the Court denies Defendants' supplemental motion for discovery related to their selective prosecution claim.

Because the Court finds that the Defendants have not even made the threshold showing required for discovery related to a selective prosecution claim, much less demonstrated with "clear evidence" that Defendants are victims of selective prosecution, the Court denies Defendants' motion for dismissal of the indictment on this ground.[1] Id. at 465.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss the indictment on the basis of selective prosecution and for discovery in support of their motions to dismiss the indictment are **DENIED**.

Still before the Court is Defendants' motion to dismiss the indictment due to outrageous government conduct (Doc. 54 at 3). The Court will hear further argument from both parties regarding the motion to dismiss the indictment based on outrageous government conduct at the next hearing on November 22, 2011.

**IT IS SO ORDERED.**

DATED: November 21, 2011

Honorable Barry Ted Moskowitz
United States District Judge

[1] The Government states that only Matson was approached by the Government's confidential informant, and that Lewis and Wilson were later recruited by Matson (Doc. 62 at 7). Defendants do not dispute these allegations. The Court need not reach the issue of standing in this case as to Lewis and Wilson because Defendants' motion for dismissal of the indictment and supplemental motion for discovery are **DENIED** on the merits.